IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| VINCENT FRAYER, JR., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:20-00499 |
| | ) |
| WARDEN, FCI Beckley, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1) and Amended Petition for Writ of *Habeas Corpus* (Document No. 15). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 11.) Having examined Petitioner's Section 2241 Petition and Amended Petition, the undersigned finds and respectfully recommends that Petitioner's Petitions should be dismissed.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 2:17-cr-00019:**

On September 7, 2017, Petitioner pled guilty in the United States District Court for the District of South Carolina to two counts possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One and Four); and one count of possession of a firearm by a felon in violation of 18 U.S. §§ 922(g)(1) and 924(a)(2) (Count Two). Frayer v. United States, Case No. 2:17-cr-00019 (D.S.C. March 29, 2018), Document Nos. 44, 45, and 47. In the Plea Agreement, the parties stipulated to the following:

6.   The Defendant stipulates and agrees that he has at least one (1) prior felony

>   drug conviction that has become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him to enhanced penalties. The Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.
>
> 7. The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:
>
>    A.  Pursuant to U.S.S.G. § 4B1.1, the Defendant is a career offender.
>
>    The Defendant understands that this stipulation is not binding upon the Court or the United States Probation Office. Therefore, the Defendant further understands that the government reserves and has the right to withdraw from the plea agreement should a determination be made by the United States Probation Officer and/or the Sentencing Court that the Defendant is not a career offender pursuant to U.S.S.G. § 4B1.1.

Id., Document No. 44. On March 28, 2018, the District Court sentenced Petitioner to a total term of 188-months of imprisonment, to be followed by a six-year term of supervised release. Id., Document No. 51.

On April 11, 2018, Petitioner filed his Notice of Appeal. Id., Document No. 54. Petitioner's counsel filed an *Anders* brief asserting there were no meritorious issues to appeal and questioning whether the District Court abused its discretion in sentencing Petitioner to 188 months in prison. Id., Document No. 62. Petitioner filed a supplemental brief raising ineffective assistance of counsel. Id. By *per curiam* Opinion entered on October 24, 2018, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Frayer, 740 Fed.Appx. 319 (4th Cir. 2018). The Fourth Circuit concluded that "the district court did not error or abuse its discretion in sentencing Frayer at the bottom of his Guidelines range to 188 months in prison." Id. The Fourth Circuit determined that "[t]he sentence was both procedurally and substantively reasonable." Id.

Finally, the Fourth Circuit determined that "no ineffective assistance of counsel conclusively appears on the face of the record, and we therefore decline to consider this issue on direct appeal." Id.

**B.   Section 2255 Motion:**

On June 19, 2020, Petitioner filed in the District of South Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 65. As grounds for relief, Petitioner asserted the following: (1) Petitioner is the victim of a stolen identity in violation of "Freedom of Information;" (2) The 21 U.S.C. § 851 Information was improperly filed by the prosecution; (3) Petitioner was improperly sentenced after Booker; (4) Petitioner's counsel was ineffective in failing to challenge Petitioner's career offender enhancement under the United States Sentencing Guidelines; (5) Petitioner's counsel was ineffective in failing to argue that Petitioner's conviction violated the Second Amendment and Due Process Clause; (6) Petitioner's right to allocation was violated by the prosecution; and (7) The District Court erred by failing to *sua sponte* order a mental evaluation of Petitioner. Id. On August 5, 2020, the United States filed a Motion to Dismiss and Memorandum in Support. Id., Document Nos. 68 and 68-1. On June 2, 2021, Petitioner filed a "Motion for Leave to Add New Case Laws and Arguments in Support of His 28 U.S.C. § 2255 Habeas Petition." Id., Document No. 72. Specifically, Petitioner argues that the following cases are relevant: Rehaif v. United States, 139 S.Ct. 2191 (2019); and United States v. Gary, 954 F.3d 194 (4th Cir. 2020). Id. The above proceedings are currently pending in the District of South Carolina.

**C.   Instant Section 2241 Petition:**

On June 23, 2020, Petitioner, acting *pro se*, filed in the District of South Carolina his instant

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Memorandum in Support.[1] (Civil Action No. 5:20-00499, Document Nos. 1 and 1-1.) In his Petition, Petitioner first challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Second, Petitioner argues the prosecutor erred by failing to instruct the grand jury that defendant had to have knowledge of his status as a person barred from possession of a firearm. (Id.) Thus, Petitioner explains that his Section 922(g) conviction is invalid because "the District Attorney did not instruct the grand jury, that in order to indict [Petitioner] of 922(g)(1) they would have to agree that [Petitioner] knew of his status as a convicted felon, and that he knew he belonged to the category of persons barred from possession of a firearm." (Id.) Third, Petitioner argues that his Section 922(g) conviction violates the Fifth Amendment. (Id.) Petitioner complains that during his plea hearing, Petitioner was never advised that "it would have to be proved beyond a reasonable doubt that he knew he belonged to a category of persons barred from the possession of a firearm." (Id.) Petitioner, therefore, argues that his Section 922(g) conviction should be vacated. (Id.)

By Proposed Findings and Recommendation entered on June 25, 2020, United States Magistrate Judge Shiva V. Hodges recommended that the above matter be transferred to this District. (Document No. 4.) By Order entered on June 22, 2020, United States District Court Sherri A. Lydon adopted Judge Hodges' recommendation and transferred the above matter to this Court.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 9.)

On May 10, 2021, Petitioner filed his Motion to Amend (Document No. 14), Amended Petition (Document No. 15), and Memorandum in Support (Document No. 16). By separate Order entered this day, the undersigned has granted Petitioner's Motion to Amend. In his Amended Petition and Memorandum in Support, Petitioner continues to argue that his Section 922(g) conviction should be vacated based upon Rehaif. (Document Nos. 14 and 15.) First, Petitioner argues that the Government failed to prove essential elements of his crime requiring reversal of his Section 922(g) conviction. (Id.) Petitioner contends that the Government failed to prove that Petitioner knew he was not allowed to possess any firearm. (Id.) Second, Petitioner argues that his plea violated Rule 11 because it was not entered into knowingly and intelligently. (Id.) Petitioner explains that his plea to possession of a firearm by a felon was not knowingly or intelligent because Petitioner "was not informed that an element of the offense was that he knew he belonged to a class of people barred from possessing a firearm." (Id.) Petitioner further contends that his plea violated Rule 11 because the Court failed to address his mental competency. (Id.) Third, Petitioner argues that his "charges violate Double Jeopardy." (Id.) Petitioner argues that Court erred by convicting him "for a gun and then enhancing [him] for the same gun." (Id.) Fourth, Petitioner argues that his trial counsel was ineffective for failing to challenge the use of Petitioner's "prior convictions for attempted crimes" for enhancement purposes under the Sentencing Guidelines. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177,

46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his convictions and resulting sentences as imposed by the District of South Carolina. First, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif,

the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Second, Petitioner challenges the validity of his plea. Third, Petitioner argues that his "charges violate Double Jeopardy." Finally, Petitioner alleges ineffective assistance of trial counsel. Petitioner is clearly challenging the validity of his convictions and sentences, not the manner in which his sentences are being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of South Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because his Application

construed as a Section 2255 Motion is untimely under the one-year limitation period of Section 2255(f).[2] Additionally, Petitioner filed a Section 2255 Motion with the District of South Carolina four days prior to filing his instant Section 2241 Petition. The undersigned notes that Petitioner's Section 2255 Motion and Amended Motion includes similar claims as asserted in his instant Section 2241 Petition. The undersigned further notes that Petitioner's instant Section 2241 Petition was originally filed in the District of South Carolina. The District of South Carolina declined the opportunity to construe Petitioner's Section 2241 Petition as a Section 2255 Motion, and the District of South Carolina transferred Petitioner's instant Section 2241 Petition to this Court.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred

---

[2] The Fourth Circuit affirmed Movant's conviction and sentence on October 24, 2018, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (January 23, 2019). On June 23, 2020, five months after the one-year period expired, Movant filed the instant Petition raising issues challenging his conviction and sentence.

procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

9

that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and substantive law.[4] Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) conviction should be overturned in light of Rehaif.[5] Petitioner, however, cannot satisfy the second

---

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[4] Petitioner was convicted in the Fourth Circuit, therefore, the substantive law of the Fourth Circuit controls.

[5] Although Petitioner argues that his Section 922(g) conviction is invalidated by *Rehaif*, the undersigned finds that *Rehaif* did not decriminalize the underlying conduct that Petitioner was charged and convicted. *See Deandre v. Adams*, 2021 WL 932024, * 4 (N.D.W.Va. March 11, 2021)(collecting cases)(finding that "petitioner cannot satisfy the second condition under *Jones*

10

prong of either the Jones or Wheeler test. Specifically, Petitioner does not allege any *substantive* change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. The undersigned notes that Petitioner could have pursued his Rehaif claim in a timely Section 2255 Motion. The Supreme Court decided Rehaif on June 21, 2019. Even assuming Rehaif is not retroactive under Section 2255(f)(3), Petitioner had until January 23, 2020,[6] to file a timely Section 2255 Motion pursuant to Section 2255(f)(1). See Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004)(finding that a federal prisoner is prohibited from seeking *habeas* relief where the prisoner had "an unobstructed procedural opportunity to present his claim" through Section 2255); also see Pollock v. Kallis, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where

---

because *Rehaif* did not change substantive law"); *McCray v. United States*, 2020 WL 8254438, * 5 (E.D. Ark. March 25, 2020)(finding there was "nothing about *Rehaif* to suggest that [petitioner] may have been convicted of a nonexistent offense"); *Swindle v. Hudgins*, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Moss v. Dobbs*, 2019 WL 7284989, * 9 (D.S.C. Sept. 23, 2019)(finding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *proposed finding and recommendation adopted by* 2019 WL 5616884 (D.S.C. Oct. 21, 2019). Furthermore, *Rehaif* addressed the elements the government had to prove at trial to establish a defendant's guilt under Section 922(g). A review of Petitioner's underlying criminal proceedings reveal that Petitioner pled guilty to one count of Section 922(g), thereby conceding the United States had proved its case. In the Indictment, Petitioner was charged with "having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, that is , a Jennings, .25 caliber semi-automatic pistol, which had been shipped and transported in interstate commerce." *Frayer*, Case No. 2:17-cr-00019, Document No. 3; *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020)(Although *Rehaif* makes clear that the government must prove that a defendant knew he was in the category of persons prohibited under federal law from possessing firearms, *Rehaif* did not impose a willfulness requirement or require the government to prove that the defendant knew his status prohibited him from owning a firearm).

[6] The Fourth Circuit affirmed Movant's conviction and sentence on October 24, 2018, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (January 23, 2019).

11

petitioner had an earlier "unobstructed procedural shot" at asserting his *Rehaif* claim). To the extent Petitioner relies upon United States v. Gary, ___ U.S. ___, 141 S.Ct. 974, 208 L.Ed.2d 510 (2021), his reliance is misplaced. Gary does not aid Petitioner because it fails to establish that Rehaif is a substantive change in the law that could satisfy the second element of the Jones test.[7]

---

[7] Even considering *Gary*, Petitioner is not entitled to relief. In *Gary*, the defendant pled guilty to possession of a firearm and ammunition by a person convicted of a felony. *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). Gary appealed his conviction to the Fourth Circuit. *Id.* While Gary's appeal was pending, *Rehaif* was decided by the United States Supreme Court and Gary filed a letter pursuant to Rule 28(j) asserting that the recent decision in *Rehaif* was relevant to his appeal. *Id.* at 199. In considering Gary's appeal, the Fourth Circuit acknowledged that in *Lockhart*, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act and the *Rehaif* error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. *Id.* at 199-200. Thus, the Fourth Circuit considered and determined that a standalone *Rehaif* error satisfies plain error review because such an error was structural, which per se affects a defendant's substantial rights. *Id.* at 200-08. Reviewing Gary's plea challenge for plain error, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." *Id.* at 202. Therefore, the Fourth Circuit vacated Gary's plea and conviction and remanded the case to the district court. *Id.* at 208. On January 8, 2021, the United States Supreme Court granted certiorari. *United States v. Gary*, ___ U.S. ___, 141 S.Ct. 974, 208 L.Ed.2d 510 (2021). On June 14, 2021, the Supreme Court reversed the Fourth Circuit's above judgment. *Greer, et al. v. United States*, ___ U.S. ___, 141 S.Ct. 2090, ___ L.Ed.2d ___ (2021). Specifically, the Supreme Court determined that Gary could not establish that the *Rehaif* error affected his "substantial rights" pursuant to Rule 52(b). *Id.* at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* at 2097. The Supreme Court concluded that Gary failed to carry his burden of showing that the *Rehaif* error affected his substantial rights because Gary had been convicted of multiple felonies,

In fact, the Fourth Circuit's decision in Gary was recently reversed by the United States Supreme Court. Greer, et al. v. United States, 141 S.Ct. 2090 (2021). Therefore, Petitioner's claims based upon Rehaif and Gary do not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction.

Concerning Petitioner's remaining claims challenging the validity of his guilty plea, asserting a Double Jeopardy violation, and alleging ineffective assistance of counsel, Petitioner does not assert any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner does not allege a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Based on the foregoing, the undersigned respectfully recommends that the District Court dismiss Petitioner's Section 2241 Petitions.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition and Amended Petition

---

he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. *Id.* at 2097-98. When Petitioner pled guilty in the District of South Carolina, Petitioner admitted that he "previously had been convicted of a crime punishable by a term of imprisonment exceeding one year," "knowingly possessed, transported, or received the firearm;" "and that the possession was in or affecting commerce, because the firearm and ammunition had traveled in interstate or foreign commerce at some point during its existence." *Frayer*, Case No. 2:17-cr-00019, Document No. 44, p. 2.

(Document Nos. 1 and 15), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 14, 2022.

Omar J. Aboulhosn
United States Magistrate Judge