UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

VINCENT FRAYER, JR.,

        Petitioner,

v.                                CIVIL ACTION NO. 5:20-cv-00499

WARDEN, FCI Beckley,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed July 19, 2021, [Doc. 1], and his Amended Petition, filed May 10, 2021, [Doc. 15]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on January 14, 2022. Magistrate Judge Aboulhosn recommended that the Court dismiss the Petition for Writ of Habeas Corpus and the Amended Petition, and remove the matter from the Court's docket. [Doc. 20]. Mr. Frayer filed a motion to extend the time to file objections due to limited access to the law library because of COVID-19 precautions. [Doc. 21]. The Court **GRANTS** the motion.

I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Frayer does not present specific objections to the PF&R; instead, he reasserts the contentions previously articulated in his Petition and Amended Petition. [Doc. 24]. He states his conviction should be overturned in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He claims *Rehaif* restarts the one-year limitations clock under 28 U.S.C. § 2255(f) based upon his belief this decision is a retroactive, substantive rule of criminal procedure. He appears to assert that *Rehaif* created an additional element for his offense of conviction under 18 U.S.C. § 922(g) upon which he was not counseled in open court. [*Id.* at 3 – 4].

Magistrate Judge Aboulhosn determined Mr. Frayer is not entitled to relief under 28 U.S.C. § 2241 inasmuch as he (1) challenges the validity of his conviction, and (2) he cannot satisfy the savings clause as a gateway to sidestep Section 2255. Furthermore, assuming the filing is properly construed as coming under 28 U.S.C. § 2255, the Magistrate Judge concluded Mr. Frayer is still not entitled to relief because (1) he did not file in the jurisdiction where he was sentenced, and (2) the Petition is untimely. [Doc. 20 at 6 – 13].

The Magistrate Judge is correct. Mr. Frayer's claims for relief challenge the validity of his conviction. Specifically, he claims his guilty plea was involuntary and unknowing inasmuch

as he was not advised he must know of his relevant status and that he was prohibited from possessing a firearm.[1] [Doc. 24 at 4]. Thus, his Petition is properly brought under 28 U.S.C. § 2255, not Section 2241, and this Court does not have jurisdiction to consider a Section 2255 Petition because he was not convicted here. Furthermore, he cannot satisfy the requirements of the savings clause. Contrary to Mr. Frayer's suggestion, *Rehaif* did not decriminalize his underlying conduct. As such, the one-year limitation on filing his Section 2255 Petition began when his conviction became final on January 23, 2019. *See* 28 U.S.C. § 2255(f). He filed his Petition six months after the limitation period expired. Accordingly, the Court **OVERRULES** Mr. Frayer's objections.

### III.

Based upon the foregoing discussion, the Court **ORDERS** the Motion to Extend Time to File Objections is **GRANTED [Doc. 21]**, the objections are **OVERRULED [Doc. 24]**, and the Magistrate Judge's PF&R is **ADOPTED [Doc. 20]**. The Petition and Amended Petition are hereby **DISMISSED [Docs. 1, 15]**. The Motion for Appointment of Counsel is **DENIED** as moot. **[Doc. 25]**.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: March 7, 2022

Frank W. Volk
United States District Judge

---

[1] As the Magistrate notes, Mr. Frayer pled to two counts of possession with intent to distribute heroin and one count of possession of a firearm by a felon. He entered into a plea agreement with the Government admitting he had at least one prior felony conviction. [Doc. 20 at 1 – 2].